UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT,
INC., PATSY'S BRAND, INC.

                Plaintiffs,                          **OPINION AND ORDER**

          -against-                            06-CV-0729 (RER)

ANTHONY BANAS d/b/a PATSY'S,
PATSY'S PIZZERIA,

                Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,

                Plaintiff and
                Counterclaim Defendant,

          -against-                            06-CV-5857 (RER)

ANTHONY BANAS d/b/a PATSY'S and
PATSY'S PIZZERIA TRATTORIA IMPAZZIRE,
ALLAN ZYLLER d/b/a PATSY'S and PATSY'S
PIZZERIA TRATTORIA IMPAZZIRE, AL &
ANTHONY'S PATSY'S, INC., I.O.B. REALTY,
INC., PATSY'S, INC. and BSZ REALTY CORP.,

                Defendants and
                Counterclaim Plaintiffs.
----------------------------------------------------------X

      Plaintiffs Patsy's Italian Restaurant, Inc. ("Patsy's Italian Restaurant") and others requested a pre-motion conference to discuss two anticipated motions: (1) a motion to dismiss defendants Patsy's Pizzeria ("Patsy's Pizzeria") and others' counterclaim; and (2) a motion to amend the complaint to add Patsy's Brand, Inc. as a plaintiff. (Docket Entry 122.)[1] I hereby

---

[1] All references to docket entries in this opinion correspond with case number 06-CV-5857. Identical papers were filed in case number 06-CV-0729, which is consolidated with the forgoing action. (*See* Docket Entry 32.)

construe Patsy's Italian Restaurant letter as a motion for such relief. For the reasons given herein, Patsy's Italian Restaurant's motions are denied.

## BACKGROUND

On November 1, 2005, the U.S. Patent and Trade Office (the "PTO") issued to Patsy's Italian Restaurant registration number 3,009,836 for the stylized mark PATSY'S PR for restaurant services, and registration number 3,009,866 for the mark PATSY'S for restaurant services not including pizza (collectively the "'836 and '866 Registrations"). (Docket Entry 45, Exs. A & B.) Patsy's Pizzeria's counterclaim seeks a declaratory judgment that the '836 and '866 Registrations are not infringed or, if the marks are infringed, that the registrations are invalid. (Docket Entry 64 at 9-12.) Patsy's Italian Restaurant argues that Patsy's Pizzeria's counterclaim should be dismissed because it allegedly violates a judgment ordered by the Southern District of New York (the "Southern District Order"). (*See* Docket Entry 122, Ex. 1.) The Southern District Order enjoined I.O.B. Realty, Inc. ("I.O.B.") and all persons affiliated with I.O.B. "from opposing any application for registration or petitioning to cancel any registration of Plaintiff for the trademark PATSY'S for sauce or other packaged food products or restaurant services." (Docket Entry 122, Ex. 1 ¶ 4(e)). Of crucial importance to the foregoing motion to dismiss, however, is the fact the "Plaintiff" referenced in the Southern District Order is Patsy's Brand, Inc., which is not currently a party to Patsy's Pizzeria's counterclaim.[2]

Turning to the instant motion to dismiss, this is not the first time that Patsy's Italian Restaurant has sought to dismiss Patsy's Pizzeria's counterclaim on the basis of the Southern

---

[2] Although Patsy's Brand, Inc., is a party to case number 06-CV-0729, it is not a party to case number 06-CV-5857, and Patsy's Pizzeria has not asserted its counterclaim against Patsy's Brand, Inc.

District Order. Previously, Patsy's Italian Restaurant argued before the Honorable Dora L. Irizarry[3] that Patsy's Pizzeria is enjoined from seeking cancellation of the '836 and '866 Registrations. (*See* Docket Entry 87 at 17-18.) In rejecting this argument, Judge Irizarry held that Patsy's Pizzeria's counterclaim "does not violate the permanent injunction because defendants are not seeking to cancel any of Patsy's Brand's registrations for sauces; the registrations at issue are owned by Patsy's Italian Restaurant." *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 214 (E.D.N.Y. 2007).[4]

Patsy's Italian Restaurant now seeks to add Patsy's Brand, Inc. as a plaintiff in order to enforce the Southern District Order. In contrast to Judge Irizarry's previous order, Patsy's Italian Restaurant claims that "[t]he facts have changed, and the registrations now are owned by Patsy's Brand, Inc." (Docket Entry 122 at 2 n.1.) Specifically, Patsy's Italian Restaurant transferred its interest in the'836 and '866 Registrations to Patsy's Brand, Inc., on September 21, 2007, in exchange for consideration of one dollar. (Docket Entry 123, Ex. 1 at 3.) This transfer was recorded with the PTO on September 24, 2007. (*Id*., Ex. 1 at 1.)

On January 10, 2008, Patsy's Italian Restaurant wrote a letter to Patsy's Pizzeria seeking inter alia that Patsy's Pizzeria withdraw its counterclaim. (Docket Entry 122, Ex. 2.) Patsy's

---

[3] The parties have since consented to my jurisdiction over all matters pursuant to 28 U.S.C. § 636(c)(1). (*See* Docket Entries dated December 6, 2007.)

[4] Judge Irizarry ultimately declined to cancel the'836 and '866 Registrations because, at that juncture, Patsy's Pizzeria had failed to prove a likelihood of confusion between the parties' marks given inter alia the parties' co-existence "for nearly six decades on the island of Manhattan with only minimal confusion." *Banas*, 508 F. Supp. 2d at 215-16.

Pizzeria refused to withdraw its counterclaim.[5] (*Id*. Ex. 4.) Patsy's Pizzeria contends that it was not made aware of the transfer to Patsy's Brand, Inc. until after receiving Patsy's Italian Restaurant's letter in January 2008, and that only by its own research did Patsy's Pizzeria discover relevant documents about the transfer. (Docket Entry 123 at 4.)

On January 17, 2008, Patsy's Italian Restaurant made the foregoing motion to amend the complaint to add Patsy's Brand, Inc, as a plaintiff and motion to dismiss Patsy's Pizzeria's counterclaim. (*See* Docket Entry 122.) Patsy's Pizzeria opposes Patsy's Italian Restaurant's motions. (*See* Docket Entry 123.)

## ANALYSIS

Because Patsy's Italian Restaurant's two motions are intertwined, they will be analyzed together. Patsy's Italian Restaurant's proposed amendment to add Patsy's Brand, Inc. as a plaintiff is raised under Rule 25(c) of the Federal Rules of Civil Procedure. (*See* Docket Entry 122 at 3.) Under Rule 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). Although Patsy's Pizzeria alleges that the transfers of the '836 and '866 Registrations were made in bad faith, it is undisputed that such a transfer in fact occurred in September 2007. *Cf. In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996) (holding that it is an abuse of discretion to permit a Rule 25(c) joinder absent a valid

---

[5] I agree with counsel for Patsy's Italian Restaurant that the tenor of Patsy's Pizzeria's counsel's letter dated January 14, 2008, is unwarranted. At the same time, I agree with Patsy's Pizzeria's counsel that the litigation strategy employed by Patsy's Italian Restaurant's counsel puts an undue strain on these proceedings. It is understandable that the parties themselves would have strong personal ties to this litigation given the years of pitched battle and the fact that family livelihoods are at stake. Counsel for those parties, however, are reminded that they best serve their clients by acting professionally and with civility.

transfer). I thus construe Patsy's Italian Restaurant's motion as a motion to join Patsy's Brand, Inc. as a plaintiff in case number 06-CV-5857 under Rule 25(c). The issue remains whether to permit such a joinder.

It is within the sound discretion of the trial court under Rule 25(c) to permit joinder of a successor in interest as an additional party. *See Organic Cow, LLC v. Ctr. for New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003) (citations omitted). "The decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated . . .." *FDIC v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981) (citation omitted); *see also* 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1958 (3d ed. 2007) ("An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.") (footnoted omitted); *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993) ("Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case . . ..") (citations omitted). Therefore, the Court's main consideration in deciding a Rule 25(c) motion is whether joinder will expedite and simplify the action. *See Dollar Dry Dock Sav. Bank v. Hudson St. Dev. Assocs.*, No. 92-CV-3737 (SAS), 1995 WL 412572, at *4 (S.D.N.Y. July 12, 1995) (citing *Tisch*, 89 F.R.D. at 448).

With these considerations in mind, Patsy's Italian Restaurant's proposed joinder of Patsy's Brand, Inc. does not seek to facilitate, to expedite or to simplify the foregoing action. Granting the proposed joinder would not affect the central issue going forward at trial, namely whether a likelihood of confusion exists between the parties' marks. Patsy's Brand, Inc. is also

not a necessary party to Patsy's Pizzeria's counterclaim. Instead, Patsy's Brand, Inc.'s only stake as it relates to the forgoing litigation is its ex post facto acquisition of the '836 and '866 Registrations. However, by the plain language of Rule 25(c), Patsy's Italian Restaurant may continue to vindicate Patsy's Brand, Inc.'s interest in the '836 and '866 Registrations. *See* Fed. R. Civ. P. 25(c) ("[T]he action may be continued by . . . the original party . . . .").[6] Given that both Patsy's Italian Restaurant and Patsy's Brand, Inc. are controlled by the same persons, this action will be facilitated if Patsy's Italian Restaurant were to continue as the plaintiff.

In contrast, joinder of Patsy's Brand, Inc. would not facilitate this action and would merely lead to considerations of whether the Southern District Order bars Patsy's Pizzeria's counterclaim. This, in turn, is an issue that has little bearing on the substance of plaintiffs' trademark claims and the facilitation of this case. For instance, it is entirely plausible that trial will render Patsy's Pizzeria's counterclaim moot because the counterclaim is predicated upon a lack of infringement of plaintiffs marks. (*See* Docket Entry 64 at 10-11.) Should Patsy's Italian Restaurant prevail at trial and prove that a likelihood of confusion exists, than the counterclaim would otherwise be negated without the need to address the Southern District Order. Even were Patsy's Italian Restaurant not to succeed at trial, the issue of the binding effect of the Southern District Order, if any, is best left to post-judgment consideration by the Court. In short, joinder

---

[6] Were Patsy's Brand, Inc. to have acquired its interest in the'836 and '866 Registrations prior to the commencement of this lawsuit, than it would be a necessary party under Rule 17(a) of the Federal Rules of Civil Procedure. However, it is well-settled that Rule 25(c), not Rule 17(a), applies where a transfer has occurred during the pendency of a lawsuit. *See American Centennial Ins. Co. v. Aseguradora Interacciones, S.A.*, No. 96-CV-4062 (JFK), 1997 WL 742530, at *4 (S.D.N.Y. Dec. 1, 1997) (citing *Unison Realty Corp. v. RKO Theatres, Inc.*, 35 F.R.D. 232, 233 (S.D.N.Y. 1964); 7C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1958).

of Patsy's Brand, Inc., will do little to move this case towards resolution.

The timing and procedural history of this case further caution toward denying the motions. In the context of a Rule 15(a) amendment, this Circuit recently held that "[u]ndue prejudice arises when an amendment comes on the eve of trial and would result in new problems of proof." *Ruotolo v. City of New York*, -- F.3d --, 2008 WL 313795, at *7 (2d Cir. Feb. 6, 2008) (citation and internal quotation marks omitted). Furthermore, courts in this Circuit routinely apply the equitable doctrine of laches to cases brought under the Lanham Act. *See Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 193 (2d Cir. 1996) (citing 15 U.S.C. § 1069). Although Patsy's Italian Restaurant would likely argue that the transfer of the '836 and '866 Registrations was valid and that it was not motivated by the foregoing litigation, Patsy's Pizzeria is correct that the timing and lack of appreciable consideration for the transfer raises concerns about prejudice and the interests of justice. Patsy's Italian Restaurant brings its motion on the eve of trial after it was previously denied a similar motion. *See Banas*, 508 F. Supp. 2d at 214. Patsy's Italian Restaurant waited until January 2008 to propose joining Patsy's Brand, Inc., even though the transfer of the '836 and '866 Registrations occurred several months earlier. Patsy's Italian Restaurant now raises the foregoing motions after the close of discovery and when a trial date is fast approaching. Prejudice to Patsy's Pizzeria therefore tips the balance further away from permitting joinder of Patsy's Brand, Inc., as does the likely need to delay trial if the Court grants the motions.

Were Patsy's Italian Restaurant to have presented a valid reason for joining Patsy's Brand, Inc. *other than* additional motion practice over whether the Southern District Order precludes Patsy's Pizzeria's counterclaim, than the Court might be inclined to permit such an

amendment. However, such a joinder will not facilitate resolution of the parties' claims and will only lead to a delay in the proceedings.[7] Therefore, I exercise my discretion and deny Patsy's Italian Restaurant's motions pursuant to Rule 25(c).[8]

**SO ORDERED.**

**Dated:** **February 20, 2008**
**Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[7] Patsy's Pizzeria argues that, should the Court grant Patsy's Italian Restaurant's motion, than discovery should be reopened. (Docket Entry 123 at 4.) This motion is denied as moot.

[8] Patsy's Pizzeria also claims that the proposed amendment would be barred for failure to timely plead. (*See* Docket Entry 123 at 2.) Because I decline to permit Patsy's Italian Restaurant to add Patsy's Brand, Inc. as an additional plaintiff, I do not reach the question of whether such an amendment would relate back to the filing of the original complaint pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure.